# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BARRY DAVIS SHAW,

        Defendant-Appellant.

FOR PUBLICATION
June 14, 2016

No. 313786
Ingham Circuit Court
LC No. 12-000206-FC

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

GLEICHER, P.J. (*concurring*).

I fully concur with the lead opinion. I write separately to broach an issue likely to arise during the new trial and not addressed by the parties.

Dr. Steven Guertin testified as an expert witness for the prosecution based on his examination of the 23-year-old complainant. As the lead opinion states, Dr. Guertin "recounted in detail the complainant's statements to him about the [sexual] abuse." Dr. Guertin also performed gynecological and rectal examinations. At the trial he advanced two expert opinions: that the appearance of the complainant's hymen was more consistent with "child sexual assault" than with "consensual penile-vaginal intercourse," and that her chronic anal fissure "clearly could be from unconsensual sodomy."

In my view, the record does not establish Dr. Guertin's qualification under MRE 702 to render either opinion. Dr. Guertin testified that he is board certified in pediatrics and pediatric critical care. He detailed his extensive experience in examining children referred to him for evaluation of possible child abuse. But he provided no testimony whatsoever concerning his experience, education or training in adult gynecology or rectal examination and diagnosis in adult women, if any. Whether the appearance of the complainant's hymen was entirely consistent with consensual adult sexual activity or suggested sexual abuse during childhood formed a critical issue in this case. An expert's view on this subject is certainly relevant, but under MRE 702 must also qualify as reliable. "The Rules of Evidence—especially Rule 702— do assign to the trial judge the task of ensuring that an expert's testimony rests on a reliable foundation [.]" *People v Kowalski*, 492 Mich 106, 149; 821 NW2d 14 (2012) quoting *Daubert v Merrell Dow Pharm, Inc*, 509 US 579, 597; 113 S Ct 2786; 125 L Ed 2d 496 (1993).

The breadth and depth of Dr. Guertin's experience in performing pelvic examinations on adult, sexually active women should figure prominently in a new trial evaluation of his

qualifications to testify as an expert on this subject. Similarly, Dr. Guertin's training, education, and experience in evaluating the rectum of an adult woman who has engaged in consensual anal sex must be considered before he is permitted to offer expert opinions in this regard. Because Brad August's testimony regarding the nature and extent of his sexual relations with the complainant will be admitted on retrial, the extent of Dr. Guertin's experience in examining sexually active adult women constitutes information integral to the court's performance of its gatekeeping function.

/s/ Elizabeth L. Gleicher